**SO ORDERED.**

**SIGNED this 25 day of November, 2009.**



_____
JANICE MILLER KARLIN
**UNITED STATES BANKRUPTCY JUDGE**
_____

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| JOHN L. SIMS, | ) | Case No. 08-41668 |
| | ) | Chapter 7 |
| Debtor. | ) | |
| | ) | |
| PARKDALE, A LIMITED | ) | |
| LIABILITY COMPANY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Adv. No. 09-7023 |
| | ) | |
| JOHN L. SIMS, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION AN ORDER GRANTING PLAINTIFF'S MOTION
TO DISMISS DEFENDANT'S COUNTERCLAIMS**

This matter is before the Court on the Motion to Dismiss Counterclaims[1] filed by Plaintiff,

Parkdale, A Limited Liability Company. Plaintiff claims that the counterclaims brought by

---

[1] Doc. 29.

Defendant, John L. Sims, should be dismissed because the claims are property of the bankruptcy estate and Defendant lacks standing to pursue them.[2] Defendant requests the motion be denied, claiming that he has standing to pursue these claims or, in the alternative, that the Chapter 7 Trustee should be allowed to intervene in this case and be substituted as the proper party in interest.

Both parties have submitted briefs, and the Court is now ready to rule. As will be explained more fully below, the Court finds Defendant lacks standing to assert these counterclaims, and they should be dismissed. The Court is entering a similar order in another adversary with similar facts and claims against Defendant Sims, in Adversary Proceeding 09-7023.

## I. FINDINGS OF FACT

The facts of this case, to the extent they are relevant to the pending motion to dismiss, are relatively straightforward and undisputed. In or around 1998, Defendant became a member of Plaintiff, Parkdale LLC, along with two other individuals. The company purchased and held land located in Shawnee County, Kansas. Whether Defendant retains an ownership interest in the company is contested, but that fact is not critical to the pending motion to dismiss.

On November 3, 2008, an involuntary bankruptcy proceeding was filed against Defendant. Defendant consented to entry of an Order for Relief, entered November 25, 2008,[3] and filed a Schedule B disclosing possible pre-petition claims, described as "tort, contract, and breach of fiduciary duties, conversion, etc. against Charles Pomeroy and Lee Kinney and/or the two LLC's." On April 3, 2009, Plaintiff filed this adversary proceeding, seeking to exclude from discharge a debt

---

[2]Plaintiff also claims that Defendant fails to state a claim upon which relief can be granted, pursuant to Fed. R. Civ. P. 12(b)(6), and that Defendant agreed to arbitrate such claims. However, because the Court finds Defendant lacks standing to bring his counterclaims, the Court will not address these additional bases for dismissal.

[3]Doc. 7.

Plaintiff claims Defendant owes it. Plaintiff claims Defendant willfully and maliciously harmed Plaintiff's property by pledging his rights in the company as collateral to Kaw Valley State Bank. Plaintiff seeks judgment in the amount of at least $2,125 and a finding that this judgment is non-dischargeable pursuant to 11 U.S.C. §523(a)(6).

Defendant filed his answer on August 17, 2009, and included in that answer counterclaims[4] seeking (1) an accounting of the books and records of the company and "damages exceeding $75,000," (2) damages "exceeding $75,000" for breach of fiduciary duty, good faith and fair dealing and (3) turnover of the value of Defendant's interest. Plaintiff responded to the counterclaims, alleging that they are based on actions taken before the bankruptcy was filed, making them property of the bankruptcy estate. Plaintiff contends a claim seeking to recover any such claims thus belong to, and must be brought, only by the Chapter 7 Trustee.

## II. STANDARD FOR EVALUATING MOTIONS TO DISMISS

Dismissal for a lack of standing is jurisdictional, and is thus properly brought under Fed. R. Civ. P. 12(b)(1),[5] made applicable to adversary proceedings by Fed. R. Bankr. P. 7012. When, as in this case, standing is challenged based upon the sufficiency of the plaintiff's allegations, as opposed to the truthfulness of the allegations contained in the complaint, the Court must accept the plaintiff's allegations as true.[6] The Court has "wide discretion to allow affidavits, other documents, and a limited evidentiary hearing to resolve disputed jurisdictional facts under Rule 12(b)(1)."[7]

---

[4]Doc. 24.

[5]*See Colo. Envtl. Coal. v. Wenker*, 353 F.3d 1221, 1227 (10th Cir. 2004).

[6]*Klaver Const. Co., Inc. v. Ks. Dep't of Transp.*, 211 F. Supp.2d 1296, 1297 (D. Kan. 2002).

[7]*Pringle v. United States*, 208 F.3d 1220, 1222 (10th Cir. 2000).

3

Considering such evidence outside the pleadings does not convert a motion brought under Rule 12(b)(1) to one under summary judgment.[8]

**III.   ANALYSIS**

Plaintiff has filed a Motion to Dismiss claiming, *inter alia*, that Defendant lacks standing to prosecute the counterclaims raised in his Answer and Counterclaim. According to Plaintiff, the causes of action contained in the counterclaims are property of the Chapter 7 estate and must be exclusively prosecuted by the Chapter 7 Trustee, who is not a party.

Defendant contends that he does have standing to pursue these counterclaims because (1) he has an offset defense against Plaintiffs' claims, (2) Rules 8 and 12 of the Federal Rules of Civil Procedure permit the assertion of any claim or defense, (3) Fed. R. Bankr. P. 7013 requires he file mandatory counterclaims when they arise out of the same facts and transactions, (4) Fed. R. Bankr. P. 7018 permits Defendant to assert all claims and defenses, (5) he has standing pursuant to Fed. R. Bankr. P. 7017, and (6) 11 U.S.C. § 558 allows him to assert a setoff claim. Defendant also requests that in the event the Court finds that he lacks standing, that his counterclaims not be dismissed, but instead that the Court allow the Trustee to enter his appearance and be substituted as the proper party to prosecute those counterclaims.

The Court finds that Defendant does lack standing to proceed with these counterclaims. Under 11 U.S.C. § 541(a)(1), the bankruptcy estate includes, except as otherwise provided, "all legal or equitable interests of the debtor in property as of the commencement of the case." This definition includes causes of action belonging to the debtor at the commencement of the bankruptcy case.[9]

---

[8]*Id.*

[9]*Sender v. Simon*, 84 F.3d 1299, 1304-05 (10th Cir. 1996).

4

"Once an asset becomes part of the bankruptcy estate, all rights held by the debtor in the asset are extinguished unless the asset is abandoned back to the debtor pursuant to § 554 of the Bankruptcy Code."[10]

The asset can be abandoned (1) after notice and hearing if burdensome or of inconsequential value pursuant to § 554(a); (2) the bankruptcy court can order the asset to be abandoned upon request of a party in interest after notice and hearing pursuant to § 554(b); or (3) scheduled property "not otherwise administered at the time of the closing of a case is abandoned to the debtor," pursuant to § 554(c).[11] None of these conditions have been met, and the counterclaims remain property of the estate. Therefore, the Trustee has exclusive standing to pursue them.[12]

Defendant contends that, despite the fact the claims are part of the bankruptcy estate, he still can pursue the claims. The Court disagrees. First, Defendant's reliance on Fed. R. Civ. P. 8 and Fed. R. Bankr. P. 7013, 7017 and 7018 is without merit. Although these rules may allow, if not require, a defendant to file any counterclaims or raise any defenses that the defendant holds, the rules do not serve to confer standing on a person who is not otherwise a party in interest to a claim. If the Trustee, who appears to be the proper party in interest to assert such claims, were a party to this lawsuit, either because Plaintiff named him as a defendant or because he sought to intervene, then the cited rules may well require him to pursue those counterclaims lest they be forfeited. But

---

[10] *Parker v. Wendy's Int'l Inc.*, 365 F.3d 1268, 1272 (11th Cir. 2004).

[11] *Kirby v. United States*, 2009 WL 302077 at *6 (N.D. Okla. 2009) (noting that the "principle of the 'real party in interest' is that an action 'be brought in the name of the party who possesses the substantive right being asserted under the applicable law.'").

[12] *Matter of Educators Group Health Trust*, 25 F.3d 1281, 1284 (5th Cir. 1994) (holding that if a cause of action belongs to the estate, then the trustee has exclusive standing to assert the claim).

the cited rules, themselves, neither confer standing on Defendant nor do they enable this Defendant to prosecute these claims.

Second, the fact that Defendant opines that recovery of relief sought by the counterclaims could ultimately produce a surplus also does not serve to confer standing upon him to pursue those counterclaims. Again, the counterclaims are an asset of the estate, no different than any other asset. If the administration of these assets produce funds in excess of allowed claims filed against Defendant in the underlying bankruptcy proceeding, then Defendant will be entitled to receive that surplus after the estate has been fully administered. However, the mere potential of a surplus does not vest some sort of ownership interest in these claims back in the Defendant prior to abandonment by the estate that would give him standing to pursue them for his personal benefit.[13]

Third, the Court finds that Defendant does not have the right to assert these claims as a setoff against the claims filed by Plaintiff. This issue was addressed in *In re Dorland*,[14] as follows:

> The centerpiece of the trustee's duties under 11 U.S.C. § 704 is to, among other things, dispose of all the assets of the estate so as to maximize a monetary return for distribution to the creditors of the Debtor. Simply put, the law is clear that a debtor's counterclaim is improper in a dischargeability proceeding and that the trustee in bankruptcy, and not the debtor, is the proper person to recover prepetition claims for the estate. Here, the Defendants' claim of setoff is not properly taken.[15]

The Court agrees with the reasoning in *Dorland*. The counterclaims brought by Defendant are assets of the estate, and the Trustee has the duty to administer those assets, assuming they are of value to

---

[13]*See Ardese v. DCT, Inc.*, 2006 WL 3757916 at *4 (E.D. Okla. Dec.19, 2006) (rejecting debtor's argument that she had standing to pursue her Title VII claim because there was a possibility of recovering an award or settlement in surplus of the estate's debts, expenses and fees).

[14]374 B.R. 765 (Bankr. D. Colo. 2007).

[15]*Id*. at 775 (internal quotations and citations omitted).

6

the estate, for the benefit of all the creditors in the case.[16] Therefore, Defendant's assertion that he can raise these claims as a setoff against the claim filed by Plaintiff is without merit.

In essence, what Defendant seeks to do is to use a potentially valuable asset of the estate to pay (or reduce the claim of) one general unsecured claim, that may be non-dischargeable, to the detriment of all other creditors of his estate. Although the Court certainly understands Defendant's desire to have the proceeds from the administration of these assets applied only to this potentially non-dischargeable debt, that is not a decision he is entitled to make, nor is it in accord with how the bankruptcy code works.

Fourth, Defendant claims that § 558 provides authority to allow him to raise these claims. In support of this position, Defendant relies upon *In re Nasr*,[17] which states:

> 11 U.S.C. § 558 allows the bankruptcy estate the benefit of any **defense** available to the debtor as against any entity other than the estate. The trustee is entitled to use the **defense** to its fullest extent without preventing the debtor from raising the same. Collier on Bankruptcy § 558.01 (pg 558-4) 15th Edition. The trustee's right under § 558 to assert debtor's **defenses** differs from the exclusive right to assert debtor's causes of action. *Id.*
>
> Debtor is asserting the actions of setoff and recoupment as affirmative **defenses** to the claim of fraud under § 523(a)(2)(A). As **defenses**, these actions are not exclusive to the trustee and may be asserted by the debtor. A trustee has no incentive to raise **defenses** in a complaint to determine dischargeability since this would provide little or no benefit to the estate, but no reason has been shown to bar debtor from raising these **defenses**. Furthermore, allowing debtor to raise these **defenses** is consistent with the policy of favoring debtor in a complaint to determine dischargeability.[18]

---

[16]*Id.* at 775 (relying on 10 Collier on Bankruptcy ¶ 6009.03[3] (Lawrence P. King ed., 15th ed. Rev.2004) for the proposition that once a trustee has been appointed, the debtor has no further authority or standing to prosecute litigation on behalf of the estate. Until the trustee formally abandons the cause of action, the debtor has no authority or standing to proceed).

[17]120 B.R. 855 (Bankr. S.D. Tex. 1990) (emphasis added).

[18]*Id.* at 858.

7

The Court finds that *Nasr* is distinguishable in at least one critical respect. The claims brought by Defendant in this case are not brought only as defenses; they are brought as affirmative claims for recovery of money damages against Plaintiff. In *Nasr*, the court made it very clear (as shown by the repeated use of the term "defense" throughout the above-cited paragraphs) that the defendant did "not raise the defenses of setoff and recoupment based on fraud, breach of warranty, and breach of contract **to seek an affirmative relief**, but only to defeat Texas Trust's allegation of fraud under § 523(a)(2)(A)."[19]

In this case, Debtor Sims has brought the counterclaims as affirmative claims against Plaintiff, and is further seeking a monetary judgment against Plaintiff. Given Defendant's argument that his prosecution of these claims will likely produce a surplus of funds for the bankruptcy estate, he cannot also argue that these counterclaims are raised solely in a defensive manner. Rather, Defendant seeks affirmative relief, which clearly does not fit within the holding of *Nasr*.

Furthermore, nothing in § 558 provides Defendant with the authority to affirmatively pursue claims of the estate. According to Defendant, these claims have value. The claims, therefore, can be affirmatively pursued by the Trustee for the benefit of the estate. Nothing in § 558 authorizes Defendant to raise these claims while they remain property of the bankruptcy estate.

Finally, Defendant claims that the Trustee should be allowed to intervene and be substituted as the proper part in interest. Fed. R. Bankr. P. 7017(a)(3) provides that

> The court may not dismiss an action for failure to prosecute in the name of the real party in interest until, after an objection, a reasonable time has been allowed for the real party in interest to ratify, join, or be substituted into the action. After ratification, joinder, or substitution, the action proceeds as if it had been originally commenced by the real party in interest.

---

[19]*Id.* at 857 (emphasis added)

8

Plaintiff's motion to dismiss the counterclaims was filed September 8, 2009. Defendant filed his response September 21, 2009, and at that time indicated that the Trustee had been contacted and intended to intervene in this lawsuit. Over two months have passed since that time, however, and the Trustee has not entered his appearance, sought to intervene, or sought to be substituted as the proper party in interest.

Furthermore, Defendant previously sought an order requiring the Trustee intervene in this case. The Court denied that motion on July 28, 2009.[20] Accordingly, the Trustee has known about this potential claim for over four months, not just two months, and has not elected to intervene. The Court finds that a reasonable amount of time has passed since the filing of this motion, and no effort has been made by the Trustee to ratify, join, or be substituted into this case as the real party in interest. Therefore, the counterclaims are ripe for dismissal.

## IV.   CONCLUSION

For the foregoing reasons, the Court finds Plaintiff's Motion to Dismiss Counterclaims should be granted on the basis that Defendant lacks standing to pursue these affirmative claims. The counterclaims raised by Defendant are property of the Chapter 7 estate, and only the Trustee has standing to pursue these claims. The Trustee has not sought to intervene or be substituted as the proper party in interest in this case, and a reasonable amount of time has passed for him to do so if he intended to do so.

In the event the Trustee later seeks to in intervene in this case, or if the counterclaims cease to be part of the bankruptcy estate through abandonment by the Trustee, the proper party may seek

---

[20]Doc. 20. The Court's order denying Defendant's motion to dismiss did not hold that the Trustee could not be added as a party to this lawsuit, only that the Trustee could not be compelled to be joined and that the Trustee was an indispensable party to the lawsuit.

to reassert these claims at that time.[21] However, because these claims are not presently being pursued by the real party in interest, they must be dismissed.

**IT IS, THEREFORE, BY THE COURT ORDERED** that Plaintiff's Motion to Dismiss Counterclaims is granted.

# # #

---

[21]*Ardese v. DCT, Inc.,* 2006 WL 3757916 at * 4 n.2 (holding that the debtor may regain standing to pursue a cause of action if the cause of action is abandoned).